CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID CRAWLEY, **Plaintiff,** | ) ) ) | Civil Action No. 7:16-cv-00172 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| JOHN C. COMBS, **Defendant.** | ) ) ) | By: Hon. Michael F. Urbanski United States District Judge |

David Crawley, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C § 1983, naming Assistant Warden John C. Combs as the sole defendant. Plaintiff alleges that Combs violated the First Amendment of the United States Constitution by approving Plaintiff's temporary suspension from the Virginia Department of Corrections' ("VDOC") Common Fare Diet ("Common Fare"). Combs filed a motion for summary judgment, and the time for Plaintiff to respond expired, making the matter ripe for disposition. After reviewing the record, the court grants Combs' motion for summary judgment.

**I.**

Plaintiff wrote the following single claim in the complaint:

> Defendant John Combs[,] Assistan[t] Warden of Wallens Ridge State Prison[,] on 12/11/16 with prior knowledge that the Plaintiff w[as] not under any Common Fare diet contract[,] [a]rbitrarily deprived the [P]laintiff of his [First] Amend[ment] Right to Freely Exercise his religion by suspending the [P]laintiff from participating in his religious diet.

The rest of the record reveals the pertinent facts.

On March 5, 2014, the Wallens Ridge State Prison ("WRSP") Institutional Classification Authority ("ICA") recommended that Plaintiff be approved to receive Common Fare on the basis of his religious beliefs.[1] Combs approved the ICA's recommendation on March 7, 2014.

---

[1] This recommendation was a result of a settlement in Plaintiff's prior civil action, Crawley v. Holloway, et al., No. 7:14-cv-00084. Combs was not a defendant in that action.

Common Fare is a diet designed to accommodate inmates who have religious dietary needs. VDOC Operating Procedure ("OP") 841.3. requires an inmate who wants to receive Common Fare to sign the "Common Fare Agreement," which sets forth the requirements and penalties of the Common Fare program. One requirement is that an inmate receiving Common Fare must not eat the non-Common Fare food served in the dining hall, and the penalties are temporary suspensions from Common Fare.

On December 9, 2015, the ICA convened to review Plaintiff's Common Fare status. The ICA heard testimony that Plaintiff took a regular, non-Common Fare tray on Thanksgiving. The ICA determined at the end of the hearing that Plaintiff violated the terms of the Common Fare Agreement and recommended his suspension from Common Fare for six months.

Plaintiff filed an administrative request form to complain about the recommended suspension. He admitted that he took a non-Common Fare tray, claimed that he had "never signed nor been briefed about any Common Fare Agreement Contract," and argued that the foods on the tray appeared to be Kosher.[2] The Assistant Warden's Office stamped it received on December 11, 2015, and someone whose signature is illegible responded that same day, noting, "It is my understanding that you ate a regular tray, which is a violation of the [Common Fare] agreement." On December 11, 2015, Combs approved the ICA's recommendation to suspend Plaintiff. Although Plaintiff alleges that his removal from the Common Fare diet occurred on December 11, 2016, it is clear from the record that it took place one year earlier.

Plaintiff filed an administrative grievance on December 15, 2015, again admitting he ate the non-Common Fare meal and claiming that he had never signed a Common Fare Agreement.

---

[2] Although the foods allegedly appeared to be the same Kosher foods served on Common Fare, Plaintiff did not assert he had any personal knowledge about whether those foods on the regular tray were kept Kosher like the foods stored, prepared, and served on Common Fare.

2

Plaintiff alleged that he had "advised Combs . . . through a request that I wasn't under any Contract, but Combs still suspended me with knowledge." The WRSP Warden deemed the grievance founded because Plaintiff had not signed a Common Fare Agreement after settling Crawley v. Holloway, et al., No. 7:14-cv-00084. The Warden noted Plaintiff's remedy would be reinstatement to Common Fare.

On January 4, 2016, the ICA recommended that Plaintiff be reinstated to Common Fare. Plaintiff signed a Common Fare Agreement, and Combs approved the ICA's recommendation on January 14, 2016.

## II.
### A.

Combs filed a motion for summary judgment, arguing that he is entitled to qualified immunity. Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, a plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993).

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at

3

322-24. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

"Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. An inference is defined as "[a] conclusion reached by considering other facts and deducing a logical consequence from them[,]" and "[t]he process of thought by which one moves from evidence to proof." Black's Law Dictionary (10th ed. 2014); see Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1329 n.5 (Fed. Cir. 2009) ("A reasonable inference is one that is plausible and that flows logically from the facts alleged. . . ."). Plaintiff, as the non-moving party, is entitled to the benefit of reasonable inferences that may be drawn from the evidence; however, speculation is not permissible. The passage from one proposition to another must be logically compelled and "cannot be mere . . . intuition[] or guessing." Poppell v. City of San Diego, 149 F.3d 951, 954 (9th Cir. 1998). Thus, the "laws of logic" draw the line "between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation." Id.

Plaintiff fails to state specific facts that demonstrate the existence of a genuine dispute of fact for trial, and consequently, Combs is entitled to qualified immunity and summary judgment.

4

On November 15, 2016, the court entered a Notice after Combs filed his motion for summary judgment. The Notice read in pertinent part:

> The Court will give Plaintiff twenty-one (21) days from the date of this Notice to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding Defendant's evidence. If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. . . . However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.

Plaintiff has not responded in an appropriate fashion to contradict, explain, or avoid Defendant's evidence, despite receiving the explicit notice and an extension of time to do so. Accordingly, the court finds, in accordance with the Notice, that Plaintiff agrees with Defendant's statements of the case.[3]

**B.**

An inmate's First Amendment right to the free exercise of religion must be balanced with prisons' institutional needs of security, discipline, and general administration. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-49 (1987). Thus, a correctional regulation or management decision that substantially burdens an inmate's constitutional right is valid if it is reasonably related to legitimate penological interests. Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir. 2006). Notably, a correctional official violates that First Amendment right only by intentional, and not negligent, conduct. Id. at 201.

Plaintiff does not present evidence from which to infer Combs intentionally sought to interfere with Plaintiff's religious exercise absent a reasonable and legitimate penological

---

[3] The court notes that the complaint is not verified. See, e.g., Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

5

interest. Plaintiff alleged in his grievance that Combs knew on the day he approved Plaintiff's suspension from Common Fare that Plaintiff had never signed a Common Fare Agreement. The uncontroverted evidence establishes that Plaintiff ate a non-Common Fare tray, the ICA recommended Plaintiff be suspended from Common Fare in accordance with OP 841.3 for eating that tray, and Combs approved the recommendation based on Plaintiff's admitted consumption of that tray. Also, Combs avers that he "had no knowledge that a Common Fare Agreement was not on file for [Plaintiff] after he was approved to receive Common Fare in 2014." Even inferring in Plaintiff's favor that Combs signed the request form on December 11, 2015, nothing in his response about Plaintiff eating a non-Common Fare tray creates a dispute of material fact.

Plaintiff faults Combs for not checking whether Plaintiff had a Common Fare Agreement on file before approving the ICA's recommendation, and indeed, the VDOC's policy and custom required inmates to sign a Common Fare Agreement before receiving Common Fare. However, "simple negligence, the lowest common denominator of customary tort liability, does not suffice to meet the fault requirement" for a First Amendment violation. Lovelace, 472 F.3d at 194. "[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); see also Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

Notably, "[t]he burden . . . is not on the State to prove the validity of prison regulations [or managerial decisions] but on the prisoner to disprove it." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). Plaintiff wholly fails to disprove the validity of the regulation authorizing for a temporary suspension from Common Fare for eating a non-Common Fare tray. See id.

6

Furthermore, it is not disputed here that the VDOC has a legitimate interest in regulating which inmate may receive Common Fare. See, e.g., Turner v. Safley, 482 U.S. 78, 89-90 (1987) (discussing the four factors to determine the reasonable relation to legitimate penological interests). Accordingly, there is no dispute of material fact, the record could not lead a rational trier of fact to find in Plaintiff's favor, and Combs is entitled to qualified immunity and summary judgment.

### III.

For the foregoing reasons, the court grants Combs' motion for summary judgment.

ENTER: This 28th day of February, 2017.

/s/ Michael F. Urbanski
United States District Judge

7

Case 7:16-cv-00172-MFU-RSB   Document 31   Filed 02/28/17   Page 7 of 7   Pageid#: 114